OPINION UPON RECONSIDERATION
PER CURIAM.
The opinion and mandate of this court issued on April 14, 1989, are hereby withdrawn.
Subsequent to the issuance of our prior opinion affirming the trial court’s order denying appellant’s petition for waiver of consent, the judges of this court voted to en banc this case. The trial court was directed to inform this court whether any extension of the period set out in Florida Rule of Civil Procedure 1.612(d) had been requested by the minor because the record was silent as to whether any such request had been made.
As a result of the trial court’s response indicating that no extension of time was requested, the original panel elected to reverse its previous position. When the original panel indicated its intention to reverse the trial court, this court voted to dis-en banc the case. Therefore, the following opinion is substituted for the earlier opinion.
Section 390.001(4)(a)2, Florida Statutes (Supp.1988) and rule 1.612 of the Florida Rules of Civil Procedure govern the procedure to be followed in this case. Rule 1.612(d) provides:
Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file. (Emphasis added).
In the instant case, the trial court’s response coupled with the record clearly demonstrate that no order or judgment was entered within the time frame provided by rule 1.612(d) and that no request for extension was made by the appellant. Accordingly, we remand this case to the trial court with directions to vacate its previous order and to direct the clerk to issue a certificate that the petition is deemed granted pursuant to rule 1.612(d).
*750 We call attention to the fact that the minor was not represented by counsel and there was no transcript of the hearing conducted by the trial court. In our view, provisions should be made in the trial court to be certain that a record of the hearing is available if appellate review is sought. Otherwise any right of appeal will be illusory and meaningless.
REVERSED AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.
WALDEN, J., dissents with opinion.